MANLY, J.
The bill Is filed for the settlement of the •state of Lerin Lane, of New Hanover county, and the answer of the executor submits an inquiry in reference to two paragraphs of the will, a proper understanding of which is necessary to Enable him to make settlement.
The-paragraphs are th.e. fifth andsikth, and are in these words:
5. 1 give and bequeath unto my grandchildren, ' the children of my deceased daughters, Eliza, Augusta, Susan and Virginia, all the rest, residue and renta! nder of say negroes, to be equally divided between them, share and share alike, to have and to hold, &c.
<Á. It is my will that my plantation be sold by my executors, hereinafter mentioned, and the proceeds of the tele thereof invested for the benefit of my beloved wife, Margaret, during her life ; and, upon her death, that the •aid proceeds be distributed equally between my children, Thomas, Walter and' Margaret, and the children of my deceased daughters, Eliza, Augusta, Susan and Virginia, share and share alike.-
The inquiry is, whether, in these paragraphs, the grandchildren take per capita, of per stirpes.
To our minds the words, in themselves, clearly import a purpose to give per capita ; and, upon an examination •f the entire will, we find nothing to unsettle this manifest import.
Analogous cases were before this Court in Hill vs. Spruill, 4 Ire. Eq., 244, and Harris vs. Philpot, 5 Ire. Eq., 324, in both of which many authorities are cited and reviewed. They are. decisive of the point that,' when a bequest is to grandchildren, or children and grandchildren, “ to nomine,” with directions that there shall be an equal *86 division among them, they take per capita, and not per stirpes.
The purpose to give to each of the individuals embraced by the language an equal share, is more clear in the e*s« before us than in any of the cited cases examined by me, by the addition of .the words, share and share alike; which cannot be satisfied except by equality, “per capita.”
The case of Spivey vs. Spivey, 2 Ire. Eq., 110, does not conflict with the current of authorities. That case turned upon the force of the word “ heirs,” and more especially upon a plain intent to be gathered from the context of th® will, that the heirs spoken of were, as a cla»s, to account, and be accounted to, for advancements , and that, in the settlement of that estate, they were to be regarded as an unit.
The Court, then, is of opinion that the division directed in the fifth paragraph of the will should be equally among the grandchildren, according to their whole number, allotting to each an aliquot part.
And that the division directed in the sixth paragraph should be made upon the samé principle among the children and grandchildren, according to their whola number, allotting to each an aliquot part.
Let a decree be drawn to this effect; the costs to be paid by the exeeutor, out of the estate.